UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARRELL LEE HALL, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:12-CV-2723 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND ORDER**

Petitioner Darrell Lee Hall is an inmate in the custody of the Texas Department of Criminal Justice. He was convicted in the 248th District Court of Harris County, Texas of aggravated robbery as a habitual offender, and sentenced to 40 years imprisonment.

The First Court of Appeals affirmed the conviction. *Hall v. State*, No. 01-05-00919-CR, 2006 WL 1653828 (Tex. App. –Houston [1st Dist.] June 15, 2006). The Texas Court of Criminal Appeals refused Hall's petition for discretionary review, and denied his application for a writ of habeas corpus. Hall filed this federal habeas corpus petition on September 10, 2012.

Respondent notes that Hall previously filed a federal habeas corpus petition challenging his conviction. That petition was denied on December 24, 2008. *See Hall v. Quarterman*, No. H-08-cv-0621 (S.D.Tex. Dec. 24, 2008).

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court."). "Indeed, the purpose and intent of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to repeatedly

consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

Hall argues that this petition is not successive because the claims he wishes to raise were previously found to be procedurally defaulted and, he contends, he can show cause and prejudice for the defaults. Regardless of whether Hall can demonstrate cause and prejudice, this is a successive petition.

This Court is without jurisdiction to consider a successive petition. *See Key*, 205 F.3d at 774 ("Accordingly, § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the circuit court] has granted the petitioner permission to file one."). The AEDPA vests authority in the Fifth Circuit to authorize the filing of a successive habeas application. Federal procedure allows a district court to transfer a successive habeas application to the circuit court for review under 28 U.S.C. § 2244(b)(2). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

> Whenever a civil action is filed in a court . . .and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. Three conditions underlie a proper transfer: "(1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070 (9th Cir. 2001).

This Court lacks jurisdiction to consider Hall's claims. The Fifth Circuit, could have exercised jurisdiction at the time Hall filed this action. "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). Therefore, this Court directs the Clerk to transfer Hall's action to the United States Court of Appeals for the Fifth Circuit for a determination of whether, under 28 U.S.C. § 2244(b)(2), that court should authorize the filing of a successive habeas petition.

SIGNED on this 19th day of August, 2013.

_____

Kenneth M. Hoyt
United States District Judge